DUNN, *by next friend, Appellant*, v. CASS AVENUE & FAIR GROUNDS RAILWAY COMPANY.

1. **Negligence:** INSTRUCTION: PRACTICE. Where there is no evidence of negligence it is not error for the court to instruct the jury to that effect.

2. **Instruction:** PRACTICE. Where the substance of a plaintiff's refused instruction is given, in terms equally as favorable to his case, in an instruction by the court of its own motion, he has no ground for complaint.

3. ———— : ———— : NEGLIGENCE. An instruction which is calculated to mislead the jury into the belief that they would be authorized to find a verdict for the plaintiff, although they might find from the evidence that an injury was the result of concurrent acts of negligence of the plaintiff and the defendant's servants, should not be given.

4. ———— : ————. An instruction should not be given when there is no evidence to support it.

*Appeal from St. Louis City Circuit Court.*— HON. A. M. THAYER, Judge.

AFFIRMED.

*A. R. Taylor* for appellant.

(1) Although the plaintiff was negligent, yet if the defendant, by observing the ordinance, could have prevented the injury, the plaintiff is still entitled to recover. *Kelly v. Railroad,* 75 Mo. 139 ; *Bergman v. Railroad,* 88 Mo. 683 ; *Scoville v. Railroad,* 81 Mo. 440 ; *Welch v. Railroad,* 81 Mo. 472 ; *Keim v. Railroad,* 90 Mo. 324 ; *Dunkman v. Railroad,* 95 Mo. 244. (2) Under the evidence in the case there was a clear breach of the duty required by the ordinance in allowing the plaintiff, a child of tender years, to enter upon and leave the car whilst in motion. And it was clearly a question for the jury as to whether this was a contributing cause of the injury. Indeed it is certain that but for this neglect of the defendant to observe the ordinance the injury to plaintiff would not have occurred. Such neglect was a proximate cause. *Evans v. Railroad,* 11 Mo. App. 471 ; *Patten v. Railroad,* 32 Wis. 529 ; *Winkler v. Railroad,* 21 Mo. App. 106.

*Leonard Wilcox* and *Nathan Frank* for respondent.

(1) There was no error in refusing plaintiff's instruction, number 7, because instruction number 1 given by the court was substantially the same and possessed the merit of closer conformity to the pleadings. *Nugent v. Curran,* 77 Mo. 327; *State v. Elliott,* 90 Mo. 356; *Ins. Co. v. Hauck,* 83 Mo. 21. (2) It was not error to refuse plaintiff's instruction number 10 because there was no evidence that defendant was negligent as alleged with respect to its north bound car. *Cotton v. Wood,* 8 C. B. [N. S.] 570, 571; *Powell v. Railroad,* 76 Mo. 84, 85; *Commissioners v. Clark,* 94 U. S. 284; *Dunn v. Railroad,* 21 Mo. App. 201, 202. (3) If point 2 is not well taken, yet under the undisputed facts in this case, plaintiff cannot recover, if at the time of the accident he did not exercise care and caution commensurate with his age and capacity; so that it was proper to submit the issue of plaintiff's contributory negligence to the jury. *Eswin v. Railroad,* 96 Mo. 290; *Boland v. Railroad,* 36 Mo. 490; *Ostertag v. Railroad,* 64 Mo. 424; *Yancey v. Railroad,* 93 Mo. 437; *Kelley v. Railroad,* 88 Mo. 539; *Lenix v. Railroad,* 76 Mo. 91; *Powell v. Railroad,* 76 Mo. 82; *Harlan v. Railroad,* 65 Mo. 24; *Cotton v. Wood,* 8 C. B. [N. S.] 568, 570. (4) Appellant's instruction number 10 was properly refused because it permitted plaintiff to recover, even if he had been guilty of a want of care commensurate with his age and capacity. *Eswin v. Railroad, supra.*

BRACE, J.—This is an action for damages for personal injury sustained by the plaintiff in being run over by one of the defendant's street cars. The jury found a verdict for the defendant from the judgment on which the plaintiff appeals.

The defendant operates two tracks, one used for north and the other for south bound cars, on Glasgow

avenue. On the day of the accident, the plaintiff, a boy about nine years of age, while one of the defendant's cars was moving south on the west track, at usual speed, got upon the rear platform or step and rode there about two blocks, when just as a north bound car, heavily loaded with passengers, was approaching on the east track, and about to pass, the boy jumped off the car he was on, on the west side, moved two or three steps west towards the pavement, turned, ran in a northeast direction across the west track, behind the car moving south, into the team of the car moving north on the east track, on a down grade, which had just passed the south bound car. He struck the team about the middle or flank of the west horse, was knocked down and the car passed over his left leg.

The only errors assigned are giving an instruction for the defendant that there was no act of negligence shown by the evidence in the management of the defendant's south bound car, that was the proximate cause of the injury; and the refusal to give two instructions asked for the plaintiff. The first point was strongly urged and elaborately argued in the case of *Dunn v. Railroad*, 21 Mo. App. 188, upon the identical facts in this case and ruled adversely to the plaintiff, and we have no doubt of the correctness of the conclusion reached by that court. There is no analogy between this case and that of *Winkler v. Railroad*, 21 Mo. App. 99, or the other cases cited by plaintiff's counsel.

As to one of the instructions refused: The substance of it, in terms equally as favorable to plaintiff's case, was given in an instruction, by the court upon its own motion, and the plaintiff has no reason to complain on this ground.

The other is as follows:

"10. Although the jury should believe from the evidence that Charles Dunn did not use ordinary care commensurate with his age and discretion prior to and

at the time that he was injured, yet if the jury believe from the evidence that the defendant's driver in charge of its car, by keeping a vigilant watch for persons upon defendant's track or approaching same and in danger of injury, would have seen the plaintiff Charles Dunn, at or near defendant's track and in danger of injury, and could, by stopping defendant's car within the shortest time and space possible under the circumstances, have averted danger from Charles Dunn and failed to do so, then the plaintiff is entitled to recover.''

The fault of this instruction is that in the form in which it was asked it was calculated to mislead the jury, into the belief that they would be authorized to find a verdict for the plaintiff, although they might find from the evidence that the injury was the result of concurrent acts of negligence of plaintiff and the defendant's servants. On the other hand, if the construction be placed upon it by which counsel urge it is brought within the principle of the cases he cites, there is no evidence to support it. There is no evidence tending to show that after the plaintiff became exposed to actual, obvious danger the defendant's servants omitted to do anything within their power to prevent the injury, or that anything that they could have done would have prevented it. The moment the boy struck the horse and his situation was discovered, the brakes were put on, and almost simultaneously, as a physical necessity of his situation and proximity to the car, it passed over his leg. After his act of negligence which contributed directly to his injury there was no time in which defendant's servants could have done anything to prevent it. In fact, after reading and carefully considering every word of the evidence in the case, we fail to find wherein the defendant's servants in charge of this car were guilty of any act of negligence contributing to plaintiff's injury. The evidence on this record fairly sustains that part of the summing up (by the court of

appeals) in the case of *Dunn v. Railroad, supra,* wherein they say: "We are also of the opinion that there was no substantial evidence of negligence in the driver of the north bound car. The boy emerged suddenly from behind the south bound car, and ran immediately into the flank of the nigh horse of the north bound car. The car was loaded heavily with passengers. The grade was slightly descending. The horses immediately shied to the right, the driver immediately applied the brakes and the wheels of the car immediately went over the boy. The whole thing, the appearance of the boy, his collision with the horses, his falling down and the passing of the wheels over him was almost instantaneous."

The circuit court was kinder to the plaintiff on the evidence in submitting his case to the jury than in strict justice he could well claim. Finding no error in the record that would warrant a reversal, the judgment is affirmed. All concur, BARCLAY, J., in the result.